PREET BHARARA
United States Attorney
Southern District of New York
By:  CAROLINA A. FORNOS
Assistant United States Attorney
86 Chambers Street, 3rd Fl.
New York, New York 10007
carolina.fornos@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| THE MOUNT SINAI HOSPITAL, | |
| Plaintiff, | ECF CASE |
| – v – | 10 Civ. 5937 (AKH) |
| UNITED STATES OF AMERICA, | **ANSWER** |
| Defendant. | |

------------------------------------------------------------ x

      Defendant, the United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, answers the complaint (the "complaint") of Plaintiff the Mount Sinai Hospital ("Plaintiff"), on information and belief as follows:

## Answer to Complaint

      1.      Paragraph 1 of the complaint constitutes Plaintiff's characterizations of its claims and conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 1, except admits that the present action seeks a refund of Federal Insurance Contributions Act ("FICA") taxes for three calendar quarters for the period of April 1, 2005, through December 31, 2005.

2. Paragraph 2 of the complaint constitutes Plaintiff's allegations of jurisdiction, to which no response is required. To the extent a response is required, admits the allegations contained in paragraph 2 of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Paragraph 4 of the complaint constitutes Plaintiff's allegations of venue, to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Admits the allegations contained in paragraph 5 of the complaint.

6. Admits the allegations contained in paragraph 6 of the complaint.

7. Denies the allegations contained in paragraph 7 of the complaint, except admits that Plaintiff filed Forms 941 Employer Quarterly Federal Tax return (the "Tax Returns") for three calendar quarters for the period of April 1, 2005, through December 31, 2005, and that these Tax Returns reported FICA taxes under the Internal Revenue Code which Plaintiff paid to the IRS.

8. Denies the allegations contained in Paragraph 8, except admits that Plaintiff filed an IRS form dated April 8, 2009, and captioned: "Form 941-X: Adjusted Employer's QUARTERLY Federal Tax Return or Claim for Refund," which included an "Explanation of Claim for Form 941-X, Line 20 Calendar Year 2005," and respectfully refers the Court to Exhibit A of the complaint for a true and accurate depiction of the contents of those documents.

9. Admits the allegations contained in paragraph 9 of the complaint.

10. Paragraph 10 of the complaint constitutes Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

### COUNT I
#### Alleging that Plaintiff Is Entitled to Recover Under Its Refund Claims Because the Residents Qualified for the Student Exception

11. Defendant incorporates its responses to paragraphs 1 through 10 of this Answer.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. Paragraph 16 of the complaint constitutes Plaintiff's characterizations of its claims and conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 16.

17. Paragraph 17 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 17.

18. Paragraph 18 of the complaint constitutes Plaintiff's conclusions of law, to which

no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

26. Denies the allegations contained in paragraph 26 of the complaint.

27. Denies the allegations contained in paragraph 27 of the complaint.

28. Paragraph 28 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, denies the allegations set forth in paragraph 28 of the complaint.

COUNT II
Alleging that Plaintiff is Entitled to Recover Under Its Refund Claims Because the Amended Treasury Regulation Is Invalid

29. Defendant incorporates its responses to paragraphs 1 through 28 of this Answer.

30. Admits the allegations set forth in paragraph 30 of the complaint.

**Purporting to Set Forth the Amended Regulation's New Standard for "School, College, or University" Status**

31. Paragraph 31 of the complaint constitutes Plaintiff's recitation of Treasury Regulation § 31.3121(b)(10)-2 (the "Regulation"), to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Regulation for an accurate statement of its contents.

**Alleging that the "Primary Function Test" in the Amended Regulation Applicable to Schools, Colleges and Universities Is Invalid**

32. Paragraph 32 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

33. Paragraph 33 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

34. Paragraph 34 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, denies the allegations set forth in paragraph 34 of the complaint.

35. Paragraph 35 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, denies the allegations.

**Purporting to Set Forth the Amended Regulation's New Standard for "Student" Status**

36. Paragraph 36 of the complaint constitutes Plaintiff's interpretation of the Regulation, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Regulation for an accurate statement of its contents.

37. Paragraph 37 of the complaint constitutes Plaintiff's recitation of the Regulation, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Regulation for an accurate statement of its contents.

38. Paragraph 38 of the complaint constitutes Plaintiff's interpretation of the Regulation, to which no response is required.  To the extent a response is required, denies the allegations.

39. Paragraph 39 of the complaint constitutes Plaintiff's interpretation of the Regulation, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Regulation for an accurate statement of its contents.

40. Paragraph 40 of the complaint constitutes Plaintiff's interpretation of the Regulation, to which no response is required.  To the extent a response is required, Defendant denies the allegations and respectfully refers the Court to the Regulation for an accurate statement of its contents, except that Defendant admits that under the regulations as in effect for any period beginning on or after April 1, 2005, no employee can qualify for the student exception who works 40 hours or more per week.

**The Allegation That the "Full-Time Employee Exception" to the General Rule
in the Amended Regulation Is Invalid**

41. Paragraph 41 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, denies the allegations.

42. Paragraph 42 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, denies the allegations.

43. Paragraph 43 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, denies the allegations.

44. Paragraph 44 of the complaint constitutes Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, denies the allegations.

COUNT III
Alleging the Refund Requested

45. Defendant incorporates its responses to paragraphs 1 through 44 of this Answer.

46. Denies the allegations set forth in paragraph 46 of the complaint.

47. Denies the allegations set forth in paragraph 47 of the complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint.

49. Denies the allegations set forth in paragraph 49 of the complaint.

50. The paragraph beginning with the word "wherefore" and all paragraphs thereafter constitute Plaintiffs' characterization of this action and demand for relief, to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations set forth in the "wherefore" paragraph.

### AFFIRMATIVE DEFENSE – SETOFF AND/OR PAYMENT

The United States alleges, on information and belief, that the federal Center for Medicare and Medicaid Services (or its predecessor, the Health Care Financing Administration) (respectively, "CMS" and "HCFA") made a payment or reimbursement to the plaintiff for a portion of each annual salary paid to each resident for each tax period in question; that a part of every payment made by CMS or HCFA to the plaintiff was allocable to the employer's share of FICA taxes; that another part of each payment CMS and HCFA made included a portion of the resident's share of FICA taxes; that CMS and HCFA were and are agencies of the United States; and that any sums paid to the plaintiff by CMS or HCFA attributable to FICA taxes on residents' salaries should be set off against any recovery to which the plaintiff would otherwise be entitled.

WHEREFORE, Defendant demands judgment dismissing the complaint and granting such further relief as this Court deems just and proper, including costs and disbursements. Defendant also demands a trial by jury.

Dated:     New York, New York
           October 5, 2010                PREET BHARARA
                                          United States Attorney
                                          Southern District of New York
                                          Attorney for the United States of America

                              By:    /s/ Carolina A. Fornos
                                     CAROLINA A. FORNOS
                                     Assistant United States Attorney
                                     86 Chambers Street, 3rd Floor
                                     New York, New York 10007
                                     Tel. No.: (212) 637-2740
                                     Fax No.: (212) 637-2702
                                     E-mail: carolina.fornos@usdoj.gov

TO: John J. Calandra
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922
Telephone: 212.547.5400
E-mail: jcalandra@mwe.com

Mark H. Churchill
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, D.C. 20005
Telephone: 202.756.8000
E-mail: mchurchill@mwe.com
*Attorneys for Plaintiff*