RECEIVED
OCT 20 2010
CHAMBERS
ALVIN K. HELLERSTEIN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/10

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street, 3rd Floor
New York, New York 10007



October 19, 2010

**VIA HAND DELIVERY**
Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    Mount Sinai Hospital v. United States of America,
             10 Civ. 5937 (AKH)

Dear Judge Hellerstein:

      This Office represents the United States in the above-referenced tax refund action filed by Plaintiff Mount Sinai Hospital ("Plaintiff") on August 6, 2010. The United States filed its answer on October 5, 2010. The case concerns the validity of amended Treasury Regulation § 31.3121(b)(10)-2 (the "Regulation"), which provides that employees, such as medical residents, that work 40 hours or more per week, are not "students" for purposes of the "student" exception to the Federal Insurance Contributions Act ("FICA"), 26 U.S.C. 3101, *et seq.* For the reasons explained below, the parties jointly request that this case be stayed pending the United States Supreme Court's decision in *Mayo Foundation for Medical Education and Research, et al., v. United States*, No. 09-837, because it is expected that this decision will resolve the central issue in this case: the validity of the Regulation. The Supreme Court granted the petition for *certiorari* on June 1, 2010, *see Mayo Foundation*, 130 S. Ct. 3353 (2010), and oral argument is presently set for November 8, 2010.

      FICA requires employers and employees to pay taxes on "wages" from "employment" in order to fund the Social Security and Medicare programs. *See* 26 U.S.C. §§ 3101, 3102, 3111. FICA, however, exempts from "employment" services performed in the employ of a "school, college, or university" if "such service is performed by a student who is enrolled and regularly attending classes at such school, college, or university." 26 U.S.C. § 3121(b)(10) (commonly known as the "student exception"). The Regulation, as amended, added the full-time employee limitation effective for services performed on or after April 1, 2005. 26 C.F.R. § 31.3121(b)(1))-2(d)(3)(iii). Thus, under the Regulation, beginning on or after April 1, 2005, employees who work 40 hours or more per week cannot qualify for the student exception and must pay FICA taxes.

      In the first decision by any court of appeals addressing the validity of this full-time employee rule, the United States Court of Appeals for the Eighth Circuit upheld the validity of the Regulation, as amended. *See Mayo Foundation for Medical Education and Research, et al.,*

*v. United States*, 568 F.3d 675 (8th Cir. 2009). It is from this decision by the Eighth Circuit that the taxpayer successfully filed a petition for *certiorari*.

In this case, Plaintiff seeks to recover $5,469,332.46, plus statutory interest, paid as employment taxes in connection with wage payments to medical residents for the quarterly periods ending on June 30, 2005, September 30, 2005, and December 31, 2005, on the grounds that such payments were not "wages" subject to FICA tax because the services to which those payments relate meet the student exception to FICA under 26 U.S.C. § 3121(b)(10). Moreover, Plaintiff argues that the Regulation, which amended the student exception to FICA, is invalid as contrary to the FICA statute and long-standing prior Treasury Regulations.

The Supreme Court is expected to decide the issue of the validity of the Regulation in the *Mayo Foundation* case. Further, should the Supreme Court determine that the Regulation is valid, the claims set forth in this action will likely be rendered moot. Accordingly, the parties jointly request that the Court stay this case pending the Supreme Court's decision, with the exception of allowing Plaintiff to file an amended complaint to add additional tax years, and the United States responding to that amended complaint.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
CAROLINA A. FORNOS
Assistant United States Attorney
Telephone: (212) 637-2740
Facsimile: (212) 637-2702

**Via E-mail**
TO:   John J. Calandra
      McDermott Will & Emery LLP
      340 Madison Avenue
      New York, NY 10173-1922
      Telephone: 212.547.5400
      E-mail: jcalandra@mwe.com

      Mark H. Churchill
      McDermott Will & Emery LLP
      600 13th Street N.W.
      Washington, D.C. 20005
      Telephone: 202.756.8000
      E-mail: mchurchill@mwe.com
      *Attorneys for Plaintiff*

2